UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DONNA D.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

06:19-cv-00692-JR

OPINION AND ORDER

Russo, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income. Plaintiff asserts disability beginning January 1, 2011, due to hepatitis C, arthritis, hearing problems, bipolar disorder, depression, chronic back pain, chronic fatigue, cervical tumors, heart condition, and

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

pleurisy. Tr. 146, 164. After a hearing held on March 9, 2018, an Administrative Law Judge (ALJ) determined plaintiff was not disabled. Tr. 28, 13-22.

Plaintiff contends the ALJ erred by: (1) rejecting plaintiff's subjective symptom testimony; (2) rejecting the medical opinions of examining Drs. Derek Leinenbach. M.D. and Katherine Warner, Ph.D.; and (3) rejecting lay witness statements.

A.   Plaintiff's Testimony

Plaintiff testified she stopped working because she "[s]tarted having problems with [her] mind." Tr. 42. Plaintiff also testified she suffers from pain in her stomach, chest, hands, neck and head. Tr. 35, 37.

Plaintiff indicated problems with communication, constant fatigue, irritation, memory, concentration, authority figures, and stress. Tr. 187-93. Plaintiff also indicated she has numb hands and arms, could lift twenty pounds "a couple times," and can stand and sit for an hour at a time with a need to lie down after standing and walking after. Tr. 35-37. Plaintiff also testified she needs daily hour-long naps. Tr. 37.

The ALJ rejected plaintiff's testimony concerning the limiting effects of her symptoms finding they either lacked an underlying medically determinable impairment associated with them or a she lacked any related treatment. Tr. 19. The ALJ specifically noted plaintiff engaged in only one session of individual therapy to address her mental impairments and was terminated as a patient due to her failure to keep appointments. Tr. 19, 390-93. The ALJ further noted treatment was otherwise limited to the medication bupropion. Tr. 19, 470. Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment. Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007). The ALJ did not err in discounting plaintiff's symptom testimony related to her mental impairments.

The ALJ also noted the medical record failed to show any documentation for pleurisy, hearing problems, or a heart condition as alleged by plaintiff. Tr. 16. The objective evidence also showed an ability to stand/walk for six hours in an eight-hour workday, no limitations on sitting, and no limitations on lifting and carrying. Tr. 335. The ALJ also noted medical reports showing normal gait and range of motion, no joint instability, crepitus, effusions, deformities, or trigger points. Tr. 334. The ALJ may appropriately discount claimed limitations by noting the alleged impairments that caused the limitation are not severe. Parra, 481 F.3d at 750 (ALJ may discount pain testimony by pointing to specific evidence in the record, including medical reports, establishing that ailments were not severe impairments).

The ALJ also noted plaintiff's poor work history well in advance of her alleged onset date. Tr. 21 (no work since 2007). A poor work history also provides clear and convincing reasoning to discount a plaintiff's testimony. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). Accordingly, the ALJ did not err in rejecting plaintiff's testimony.

B.     Medical Opinion

   1.     Dr. Derek Leinenbach

Dr. Leinenbach conducted a consultative exam on January 27, 2016. Tr. 332. Dr. Leinenbach found plaintiff's range of motion for all joints within the normal range including wrists, forearms, elbows, thumbs, fingers, back, neck, hips, knees, and ankles. Tr. 334. In addition, plaintiff had no joint instability, crepitus, effusions, deformities, or trigger points, but had positive Phalen's and Tinel's tests in both wrists. Id. Leinenbach also found plaintiff:

> can reach for, grip and hold objects securely to the palm by the last three digits. The claimant can grasp and manipulate large and small objects with the first three digits. The claimant's thumbs function with normal opposition. There is no evidence of myotonia or grip release. No diminished function with repetition. No spasticity or ataxia observed. Sensation to touch and pin is normal in all five fingers, bilaterally.
> ….

> Muscle strength is 5/5 in the bilateral upper and lower extremities, including bilateral grips. Muscle bulk and tone are normal throughout. No foot drop is observed. Manual motor testing does correspond with observed ability.
> ….
> Sensation to light touch and pinprick is intact throughout the extremities.

Id.

Dr. Leinenbach diagnosed: 1. Chronic hepatitis C, by history; 2. Cervicalgia; 3. Chronic lower back pain, favor lumbar spondylosis; 4. Carpal tunnel syndrome, bilateral; 5. Asthma, mild, persistent; and 6. Tobacco use disorder.  Id.

Dr. Leinenbach opined:

> The claimant can stand/walk for 6 hours in an 8-hour workday.
> The claimant can sit without limitation.
> The claimant does not require an assistive device.
> The claimant can lift/carry without limitation.
> The claimant can stoop and climb occasionally, limited due to #2 and #3, above. There are no other postural limitations.
> The claimant can reach, handle and finger without limitation. She can feel occasionally, limited due to bilateral hand paresthesia secondary to carpal tunnel syndrome.
> The claimant should limit exposure to chemicals, dust, fumes, or gases due to #5, above. There are no other environmental limitations.

Tr. 335.

The ALJ gave Dr. Leinenbach's opinion little weight stating:

> In light of the normal sensory and motor skills examination, as well as the lack of associated treatment of record, the provision for limitations on feeling is given little weight. The postural provisions are likewise entitled to little weight as there are no severe impairments for which the restrictions would be appropriate. Based on the claimant's use of an inhaler, however, the limit on exposure to pulmonary irritants is credited.

Tr. 21.

Plaintiff asserts the ALJ erred in rejecting the opinion to the extent she has limited capacity for handling, fingering, and feeling.  However, the ALJ noted the examination itself demonstrated plaintiff can reach and finger without limitation.  In addition, although Dr. Leinenbach stated

plaintiff can feel only occasionally due to carpal tunnel syndrome, he specifically found "[s]ensation to touch and pin is normal in all five fingers, bilaterally." Tr. 334. Plaintiff also asserts the ALJ erred in finding no impairment to justify the doctor's conclusion that plaintiff was limited to no more than occasional stooping and climbing. However, the exam notes revealed normal range of motion in the back, neck, hips, knees, and ankles. Tr. 334. Notes also reveal no joint instability and that the spine is nontender to palpation with no deformities. Id. In addition, muscle strength was 5/5 in the upper and lower extremities. Id. Moreover, gait was within normal limits, tandem gait was unremarkable, plaintiff could walk on heels and toes normally, and squat without assistance. The Romberg (Posture) test was negative, i.e., she was well balancing. Tr. 334. Finally, Dr. Leinenbach observed that plaintiff walked into the examination room without assistance, sat comfortably, removed and replaced her shoes without assistance, and got on and off the examination table without assistance. Tr. 333. A contradiction between a doctor's opinion and his clinical notes provides a clear and convincing reason for not relying on the opinion. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ did not err with respect to Dr. Leinenbach's opinion.

2.   Dr. Katherine Warner

Dr. Warner conducted a consultative exam on July 9, 2016. Tr. 367. Dr. Warner administered the Wechsler Intelligence Scale for Adults-Fourth Edition (WAIS-IV), the Repeatable Battery for Assessment of Neuropsychological Status-Update (RBANS), and the Wide Range Achievement Test-4 in addition to interviewing plaintiff and reviewing relevant history. Id. Dr. Warner found that plaintiff demonstrates borderline functioning in her intellectual abilities and significant deficits in delayed memory. Tr. 37-71. Dr. Warner opined plaintiff has marked limitations in several areas of functioning including memory, ability to understand, work, and get

along with others. Dr. Warner also found moderate impairments in numerous areas of functioning including ability to understand very short and simple instructions, carry out detailed instructions, maintain attention, perform within a schedule, complete a normal workday, etc. Tr. 375-76.

The ALJ gave the opinion limited weight because plaintiff was not undergoing treatment for mental impairments at the time of the assessment. The ALJ accepted limitations in interactions with others and limited plaintiff to routine simple repetitive tasks without production demands in plaintiff's residual functional capacity. Tr. 20. It is unclear how the lack of treatment at the time of the exam undercuts Dr. Warner's opinion.[2] Moreover, while the ALJ incorporated many of the limitations noted by Dr. Warner, Dr. Warner did note moderate limitations even in the ability to understand and remember "very short and simple instructions." Tr. 375. While the ALJ did point to contradictory medical opinion, he failed to provide a specific and legitimate reason for rejecting this limitation from Dr. Warner. Accordingly, the ALJ erred with respect to Dr. Warner's opinion.

C.     Lay Witness Statements

Plaintiff's ex-sister-in-law reported restrictions similar to those related by plaintiff including difficulty with fatigue, concentration, memory, etc. Tr. 195-202, 231. The ALJ determined the limitations asserted by the witness were adequately covered by his limitation in the residual functional capacity to restrictions regarding task complexity. Tr. 18-19. To the extent the witness expressed limitations regarding even the simplest tasks, the ALJ's rejection of plaintiff's testimony in this regard is sufficient. See Molina v. Astrue, 674 F.3d 1104, 1116–17 (9th Cir. 2012) (it is not harmful error for the ALJ to fail to discuss lay witness testimony where the ALJ

---

[2] The Commissioner asserts that plaintiff later admitted to "doing good" with talk therapy and medication. Tr. 45. But it is not clear from the record what "doing good" means in terms of the assessed limitations. See Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function."). The relevant question is not whether plaintiff had some symptom improvement, but whether plaintiff's improved condition is contradictory to the limitations as opined by Dr. Warner.

Page 6 – OPINION AND ORDER

has provided sufficient reasons for rejecting similar testimony). Nonetheless, because a remand is necessary to further address Dr. Warner's opinion, the ALJ may further address lay witness testimony upon remand.

D.   Remand

Plaintiff requests a remand for an immediate payment of benefits asserting Dr. Warner's opinion should be credited as true and that it establishes disability. When a court finds that the ALJ committed harmful error, the Social Security Act allows the court to modify or reverse the Commissioner's decision "'with or without remanding the case for a rehearing.'" Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g). The Ninth Circuit has "devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits." Id. at 1020. The court should determine first whether the "'ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1100-01 (quoting Garrison, 759 F.3d at 1020). Second, if the ALJ has erred, the court should determine whether the record has been fully developed, whether outstanding issues must be resolved before determining disability, and whether further administrative hearings would be useful. Id. at 1101. Third, if the court concludes "that no outstanding issues remain and further proceedings would not be useful," the court may "find the relevant testimony credible as a matter of law" and "determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." Id. (citations, quotation marks, and brackets omitted). The court retains discretion to remand for further proceedings if the record as a whole creates "serious doubt as to whether the claimant is, in fact, disabled." Garrison, 759 F.3d at 1021.

The Court concludes that further development of the record regarding Dr. Warner's opinion and lay witness testimony would be useful. Accordingly, the case is remanded for further proceedings.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

DATED this 8th day of June, 2020.

        /s/ Jolie A. Russo
        JOLIE A. RUSSO
        United States Magistrate Judge